IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COURTNEY BROWN, ADRIAN TISDALE, GINA GORDON WASHINGTON, <br><br> Plaintiffs, <br> v. <br><br> SOUTHEAST MORTGAGE OF GEORGIA, INC., <br> DAVID DITTIRRO, <br> CAL HAUPT, <br><br> Defendants. | Civil Action No. <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Courtney Brown Adrian Tisdale and Gina Gordon Washington (hereinafter "Plaintiffs"), and files this lawsuit against Defendants Southeast Mortgage of Georgia, Inc., David Dittirro, and Cal Haupt (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiffs bring this action as

the representative party for all similarly situated employees of Southeast Mortgage of Georgia, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages and failure to pay the federally mandated minimum wage to Plaintiffs for every workweek he was engaged in commerce or in the production of goods for commerce, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. and 29 U.S.C. §206 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Southeast Mortgage of Georgia, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3496 Club Drive , Lawrenceville, GA, 30044. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiffs are residents of the State of Georgia.

6.

Plaintiffs worked for the Defendants in the prior three years as Loan Officers.

7.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C. §206(a))

8.

Plaintiffs performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiffs during the relevant time period.

10.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

11.

During the relevant time period, there were workweeks where Plaintiffs engaged in commerce or in the production of goods for commerce and were paid less than the federally required minimum hourly rate.

12.

Defendant Southeast Mortgage of Georgia, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant David Dittirro was Plaintiffs' supervisor who had discretion over Plaintiffs' payroll and overtime compensation. Defendant Dittirro works both directly and indirectly in the interest of Southeast Mortgage of Georgia, Inc. and was in a supervisory position over the named Plaintiffs.

14.

Defendant Cal Haupt is the Manager over the entire office of Southeast Mortgage of Georgia, Inc. Defendant Haupt had discretion over Plaintiffs' payroll and overtime compensation. Defendant Haupt acts both directly and indirectly in the interest of Southeast Mortgage of Georgia, Inc. and was in a supervisory position over the named Plaintiffs.

15.

Southeast Mortgage of Georgia, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant David Dittirro is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant Cal Haupt is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204, §206 and §207.

### IV.  Facts

19.

Plaintiffs were paid by commissions based on closed loans.

20.

Plaintiffs were not paid any other form of compensation such as an hourly rate or set salary.

21.

In weeks where Plaintiffs made no sales, Plaintiffs did not receive any compensation from Defendants.

22.

Plaintiffs' duties primarily consisted of selling mortgage products over the telephone. Plaintiffs worked from a fixed site, either their home or the Defendant's offices.

23.

Plaintiffs did not go to their customer's place of business to obtain orders.

23.

During Plaintiffs' employment with the Defendants, Plaintiffs were not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiffs worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

24.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

26.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VI. Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

27.

Plaintiffs repeat and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §206, by failing to always pay the federally required minimum hourly rate in workweeks where Plaintiffs engaged in commerce or in the production of goods for commerce.

29.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

28.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A) Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted the ____ day of July, 2011.

                                               **BARRETT & FARAHANY, LLP**

                                               _____
                                               Amanda A. Farahany
                                               Georgia Bar No. 646135
                                               Benjamin B. Kandy
                                               Georgia Bar No. 765357
                                               Attorneys for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile